# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| BEVERLY M. GOOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-06008-CV-SJ-ODS |
| | ) |
| HAYDEN A. O'GORMAN, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Pursuant to Mo. Rev. Stat. § 537.095, Plaintiff Beverly M. Gooch and Defendant Hayden A. O'Gorman have asked for approval of their settlement agreement in this wrongful death suit. (Doc. #31.) This matter was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and Local Rule 72.1. (Doc. #32.)

Plaintiff Beverly M. Gooch, the natural mother of Patricia M. Coffey (Decedent), brings this matter pursuant to Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080, alleging negligence and negligence per se. (Doc. #1-2 at 1, 4.) The suit arises out of a fatal car crash in Platte County, Missouri, on December 13, 2016. (Doc. #1-2 at 1-2.) Defendant Hayden A. O'Gorman filed a counterclaim against the defendant ad litem in the capacity of legal representative of Patricia M. Coffey, alleging negligence. (Doc. #1-3 at 14-17.) Defendant O'Gorman subsequently filed a Stipulation of Dismissal of Counterclaim with Prejudice. (Doc. #34.) The stipulation complies with Rule 41 of the Rules of Civil Procedure.

Plaintiff, along with Ashlynd Coffey-Page, the surviving daughter of the Decedent, has agreed to a settlement of all claims against the Defendant and now seeks approval of the wrongful death settlement. On October 7, 2019, the Court reviewed the settlement agreement *in camera*.

On October 8, 2019, the parties appeared by counsel and presented evidence in support of their Application for Approval of Wrongful Death Settlement and For Order Under Section 537.095 RSMo. After hearing the evidence and arguments of counsel and reviewing the pleadings and filings, the Court makes the following findings and recommendations:

1. The Decedent is survived by her mother, Beverly M. Gooch, and Decedent's only natural child, daughter Ashlynd Coffey-Page. (Exhs. 1 & 2.) Decedent's father passed away in 2017. (Doc. #36 at 10.)

2. The Court expressly finds that Beverly M. Gooch and Ashlynd Coffey-Page are the only Class I members/claimants entitled to recover damages as a result of the alleged wrongful death of Decedent pursuant to Mo. Rev. Stat. § 537.080.

3. The Court finds that all Class I claimants have been properly notified and apprised of this settlement.

4. The parties have agreed to compromise and settle this wrongful death action for the total sum of $200,000.00, to be distributed as follows:

    Beverly M. Gooch: ½ of remainder of the settlement proceeds after payment of attorneys' fees/expenses and satisfaction/resolution of any lien against the settlement proceeds.

    Ashlynd Coffey-Page: ½ of remainder of the settlement proceeds after payment of attorneys' fees/expenses and satisfaction/resolution of any lien against the settlement proceeds.

    The Thompson Law Office, PC (attorneys' fees/expenses): $87,408.49

5. The Court finds that all Class I claimants agree and consent to the apportionment of the settlement proceeds.

6. The Court finds the apportionment of the settlement proceeds is fair and reasonable under the circumstances, is in proportion to the loss sustained by Class I claimants Beverly M. Gooch and Ashlynd Coffey-Page, and is in the best interests of the Class I claimants.

7. The Court finds the attorneys' fees and expenses claimed by Plaintiff's attorneys are fair and reasonable and should be approved.

8. The Court finds that there is one known lien on the settlement, Truman Medical Center, Inc., and the parties are fully aware of the lien and agree to the apportionment as set forth above in paragraph 4, *supra*.

9. The parties have agreed to waive the 14-day period within which to object to a Report and Recommendation. (Doc. #36 at 12.)

IT IS THEREFORE RECOMMENDED that the District Court enter an order authorizing and approving the proposed settlement, as set forth above in paragraph 4, *supra,* for the injuries and resulting wrongful death claim of Plaintiff for the wrongful death of Patricia M. Coffey against Defendant Hayden O'Gorman. Plaintiff has directed her counsel to hold settlement funds in trust that are sufficient to satisfy any asserted lien against the proceeds of the settlement, specifically including the lien claimed by Truman Medical Center, Inc., pending resolution of any asserted lien. Upon resolution of any asserted lien, any remaining settlement proceeds held in trust should be distributed consistent with this Court's Judgment, as set forth above in paragraph 4, *supra*.

IT IS FURTHER RECOMMENDED that the District Court enter an order directing that Beverly M. Gooch, individually and on behalf of the Class I claimants as defined in Mo. Rev. Stat. § 537.080, shall collect and receive all payments as stated in this Judgment and issue a receipt to the settling Defendant and acknowledge satisfaction of this Judgment, wherein Defendant shall

be discharged, and shall distribute the net proceeds as ordered by this Court per this Judgment, and to make a report and accounting to this Court.

IT IS FURTHER RECOMMENDED that the District Court enter an order directing Plaintiff, individually and as the representative of the Class I claimants of individuals as defined in Mo. Rev. Stat. § 537.080, to execute a Release, releasing Defendant Hayden O'Gorman, of any and all claims arising out of the death of Patricia M. Coffey.

IT IS FURTHER RECOMMENDED that the District Court enter an order that within thirty days Plaintiff shall file a Stipulation of Dismissal with Prejudice of this action.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE